IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SUZETTE DURAN,**

    **Plaintiff,**

    v.                                                                             Civ. No. 25-888 JMR/JFR

**SANTANDER CONSUMER USA, INC.,
UAR DIRECT, LLC, and PREDATOR
RECOVERY, INC. d/b/a SURE SHOT
RECOVERY,**

    **Defendants.**

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. On September 23, 2025, Plaintiff filed proof of summons, "served . . . on Stuart D. Thomas, who is designated by law to accept service of process on behalf of Predator Recovery, Inc. d/b/a Sure Shot Recovery at 507 N. Prospect St, Colorado Springs, CO 80903 on 09/22/2025 at 11:21 AM . . . ." Doc. 4 at 2. Because Defendant Predator Recovery, Inc., doing business as Sure Shot Recovery, (hereafter, "Defendant Recovery") did not answer by October 14, 2025, Plaintiff moved for the Clerk's entry of default for on October 22, 2025, Doc. 8, which the Clerk entered on October 24, 2025, Doc. 24. However, on October 24, 2025, Defendant Recovery filed an Answer. Doc. 13. Therein, Defendant Recovery repeatedly wrote: "Predator is filing a response as to we were not served properly. The information about this case was given by third party client that hired us." *Id.* at 2, 5. Defendant Recovery further explained that the "[a]ddress in care of was not recognized with our company." *Id.* at 4.

Case 1:25-cv-00888-JMR-JFR    Document 17    Filed 10/31/25    Page 2 of 4

A. <u>**Sufficiency of Service**</u>[1]

Proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proper service, a court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins.*, 969 F.2d 940, 943 (10th Cir. 1992). The Federal Rules of Civil Procedure provide that a corporate entity can be served in the manner prescribed under Rule 4(e)(1) for serving an individual. FED. R. CIV. P. 4(h)(1)(A). Rule 4(e)(1) allows service to be made "following state law" for either the state where the district court is located or where service is made. FED. R. CIV. P. 4(e)(1). Here, service was made in Colorado. *See* Doc. 4 at 2. Under Colorado law, a plaintiff can effectuate service on a corporate entity by delivering a copy of the summons and complaint to "the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or of any other jurisdiction, or that agent's secretary or assistant." COLO. R. CIV. P. 4(e)(4); *see also PMW, LLC v. ANKC S.F., LLC*, No. 23-cv-02785, 2024 WL 4267878, at *5 (D. Colo. Sept. 23, 2024) (finding service of process was proper under Rule 4(h) where plaintiff served the defendant LLC's registered agent); *Lodos v. Empire Towing Corp.*, No. 22-cv-01790, 2024 WL 98386, at *5 (D. Colo. Jan. 9, 2024). However, beyond ascertaining that an individual can properly receive summons on a corporate entities' behalf, "a process server is not required to determine that the individual will in fact give the papers to the named individual or agent." *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 317 (Colo. 2010).

The burden of proof is on Plaintiff to establish the adequacy of service of process. *Fed. Deposit Ins. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). However, the properly signed

---

[1] At this time, the Court declines to sua sponte determine whether to set aside the Clerk's entry of default. *See Robert v. Generation Next, LLC*, No. 18-cv-00975, 2020 WL 1917087, at *2 (D.N.M. Apr. 20, 2020) (citations omitted) (holding that a court may sua sponte set aside Clerk's entry of default pursuant to FED. R. CIV. P. 55(c)).

2

return of service of summons is prima facie evidence of valid service on a defendant. *DeGroat v. Cordero*, No. 23-90, 2024 WL 4333193, at *12 (D.N.M. Sept. 27, 2024) (citation omitted). Meaning, Plaintiff's return of service filed September 23, 2025, Doc. 4, creates a presumption of valid service upon Defendant Recovery. *See DeGroat*, 2024 WL 4333193, at *12.

To overcome this presumption of valid service, the burden shifts to Defendant Recovery to present "strong and convincing proof" of insufficient service. *Nikei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987) (citations omitted). Defendant Recovery's assertions that it "not served properly," Doc. 13 at 2, 5, and that the "[a]ddress in care of was not recognized with our company," *id.* at 4, are insufficient to overcome this presumption. *Cf. Oltremari*, 871 F. Supp. at 1350 (defendants failed to proffer an affidavit or other strong and convincing evidence of improper service other than bare allegations which were insufficient to overcome the evidence of the Marshal's Service's signed return of service showing defendants had been served).

To the contrary, in Colorado, registered agents for Colorado businesses can be found on the Colorado Secretary of State's website. *See* COLO. SEC'Y STATE, *Business Database Search*, www.sos.state.co.us/biz/BusinessEntityCriteriaExt.do (last visited Oct. 31, 2025). The Court takes judicial notice of the fact that this government database lists Stuart D Thomas, located at 507 N Prospect St, Colorado Springs, CO 80903, US, as the registered agent of Predator Recovery, Inc. (ID Number: 20061330577). *See Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files...traditionally qualify for judicial notice."). Indeed, this is the same name and address listed on the proof of service filed September 23, 2025. Doc. 4 at 2 ("I served the summons on Stuart D. Thomas, who is designated by law to accept service of process on behalf of Predator

Recovery, Inc. d/b/a Sure Shot Recovery at 507 N Prospect St, Colorado Springs, CO 80903 on 09/22/2025 at 11:21 AM . . . .").

### B. Mandatory Appearance of Counsel for Corporate Entities

Having found that Defendant Recovery did not overcome the presumption of Plaintiff's sufficient service, the Court finds that is has the requisite personal jurisdiction over Defendant Recovery. With that being said, the Court now addresses the fact that Defendant Recovery, a corporate entity, is unrepresented. *See* Doc. 13 at 2, 5 ("[W]e would like to ask for extended time to obtain legal counsel."). Corporate entities may not proceed pro se nor be represented by a non-attorney corporate officer. *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). Although Defendant Recovery is seemingly in the process of finding counsel, *see* Doc. 13 at 2, 5, the Court underscores that representation by an attorney, admitted to practice before this court, is not optional, *see Harrison*, 253 F.3d at 556.

**THEREFORE**, Defendant Recovery is ordered to (1) have counsel enter an appearance in this matter, and (2) file an answer to the Amended Complaint (Doc. 12) no later than **Monday, December 15, 2025**. Failure to comply with this Order shall constitute an independent basis for sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR
United States Magistrate Judge**